**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

**GLENN DAMOND** **CIVIL ACTION**

**V.**

**DR. ARCHIE C. TATFORD, SLIDELL MEMORIAL HOSPITAL, OCHSNER HEALTH SYSTEM, SCHUMACHER GROUP OF LOUISIANA AND VINCENT EMERGENCY GROUP, LLC**

**NO. 25-2221**

**SECTION: C (4)**

## ORDER AND REASONS

Before the Court are Defendant's Motion to Dismiss Pursuant to Fed. Rule Civ. Proc. 12(b)(1), 12(b)(6), and 12(b)(5), filed on January 7, 2026 (R. Doc. 12), and Defendants' Rule 12(b)(1) and Rule 12(b)(6) Motion to Dismiss for Lack of Subject Matter Jurisdiction, Failure to State a Claim Upon Which Relief Can be Granted and Improper Citation and Service of Process, filed on January 12, 2026 (R. Doc. 14). Both motions are **GRANTED**.

## I. BACKGROUND

Damond alleges he sought treatment for an ingrown toenail.[1] He claims Dr. Tatford administered a lower dose of lidocaine to numb the area than what is standard for adults.[2] He alleges he was visibly in pain and expressed his complaints to Dr. Tatford.[3] He claims Dr. Tatford intentionally ignored his complaints, did not reassess his pain and did not adjust the lidocaine dose, all because he is a black male without insurance. As a result of being treated with adequate anesthesia, Damond claims to have suffered physical and mental injuries, and missed work.[4] [5]

---

1 R. Doc. 4, ¶46.
2 R. Doc. 4, ¶48.
3 R. Doc. 4, ¶49.
4 *Id.*
5 R. Doc. 4, ¶¶ 55-57.

Damond claims he "instinctively attempted to shield himself from the escalating pain," and "[h]is physical reactions were reflexive and involuntary."[6] He alleges Dr. Tatford replied, "Don't grab me. Don't touch me."[7] He further alleges Dr. Tatford told him numbing cream was unavailable.[8] Damond contends this all transpired in a public area, visible by others, yet no one intervened.[9] He "believes that similarly situated white or insured patients would not have been treated with such disregard for their dignity, safety, and basic medical needs."[10]

Damond also sued Slidell Memorial Hospital, Ochsner Health System, Schumacher Group of Louisiana, and Vincent Emergency Group, LLC for maintaining discriminatory practices,[11] failure to adequately train and supervise its staff with respect to racial bias, patient rights and humane care,[12] and failure to intervene or correct Dr. Tatford's actions despite obvious pain and racial bias.[13] He alleges the defendants are vicariously liable for Dr. Tatford's alleged malpractice and racial discrimination.[14]

## II. LEGAL STANDARD

A Rule 12(b)(6) motion challenges the sufficiency of a plaintiff's allegations. A complaint, or any part of it, may be dismissed for failure to state a claim upon which relief may be granted if plaintiff fails to set forth factual allegations that would entitle him to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007).

To survive, a complaint must contain sufficient facts, accepted as true, to state a claim for relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial

---

6 R. Doc. 4, ¶50.
7 R. Doc. 4, ¶51.
8 R. Doc. 4, ¶ 53.
9 R. Doc. 4, ¶ 52.
10 R. Doc. 4, ¶ 49.
11 R. Doc. 4, ¶ 112, 209, 233, 239.
12 R. Doc. 4, ¶¶ 36, 74, 90, 113, 121, 123, 176, 178, 186, 197, 239, 273, 293.
13 R. Doc. 4, ¶ 65, 71, 85, 111, 122, 125, 169, 177, 187, 197.
14 R. Doc. 4, ¶¶ 70, 160, 273.

plausibility when the plaintiff pleads the factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. Determining whether a complaint states a plausible claim for relief is a context-specific task requiring the application of judicial experience and common sense. *Id.* at 679.

While detailed factual allegations are not required, a complaint must offer more than labels, legal conclusions, or formulaic recitations of the elements of a cause of action. *Iqbal*, 556 U.S. at 678. "The complaint is construed in the light most favorable to plaintiff, accepting as true all well-pleaded factual allegations and drawing all reasonable inferences in plaintiff's favor." *Lovick v. Ritemoney Ltd.*, 378 F.3d 433, 437 (5th Cir. 2004) (citation omitted). However, the court will not accept "conclusory allegations, unwarranted factual inferences, or legal conclusions" as true. *Ferrer v. Chevron Corp.*, 484 F.3d 776, 780 (5th Cir. 2007) (quoting *Plotkin v. IP Axess Inc.*, 407 F.3d 690, 696 (5th Cir. 2005)). If factual allegations are insufficient to raise a right to relief above the speculative level, the claim should be dismissed. *Twombly*, 550 U.S. at 555.

## III. DISCUSSION

Damond's claims under 42 U.S.C. § 1983, 42 U.S.C. § 1981, Title VI, the Fourteenth Amendment and the Eighth Amendment fail because he does not allege facts indicating intentional racial discrimination. Damond "believes" Dr. Tatford administered inadequate anesthesia and otherwise failed to treat him appropriately. But, he alleges no facts suggesting Dr. Tatford was racially motivated. He alleges Dr. Tatford said not to touch him while he performed a toenail procedure. That is a racially neutral request. He alleges Dr. Tatford said numbing cream was unavailable. That is a racially neutral observation. Damond does not allege numbing cream was available or was offered only to white patients. There is no allegation Dr. Tatford refused to treat Damond because of his race, nor did he use racial epithets. The only support for Damond's claims

is his subjective feelings, his belief. That is not evidence of intentional discrimination. *Mandawala*, 16 F.4th at 1151.

Damond alleges a violation of Title VII. Title VII serves to "provide[] remedies to *employees* for injuries related to discriminatory conduct and associated wrongs by *employers*." *Body by Cook, Inc. v. State Farm Mut. Auto. Ins. Co., et al.,* 869 F.3d 381, 391 (5th Cir. 2017) (quoting *Univ. of Tex. Sw. Med. Ctr. v. Nassar*, 570 U.S. 338, 342 (2013)) (emphasis added). Damond failed to allege an employment relationship. Without an employment relationship, Damond has no standing under Title VII.

Damond's claims for medical malpractice,[15] negligence, intentional infliction of emotional distress, punitive damages, and vicarious liability are before the Court based upon supplemental jurisdiction under 28 U.S.C. § 1367. Having dismissed all original jurisdiction claims, the court declines to exercise supplemental jurisdiction over the state law claims and dismisses them, without prejudice. *See Royal Canin U.S.A., Inc. v. Wullschleger*, 604 U.S. 22, 32 (2025) (reaffirming the district court "may decline to exercise supplemental jurisdiction . . . if the district court has dismissed all claims over which it has original jurisdiction") (internal quotations omitted).

After reviewing his opposition, the court finds Damond fails to state what material facts he would include in an amended complaint to save his federal law claims. The court does not grant another opportunity to amend.

15 The Court notes Damond's medical practice claims are premature because he has not filed a complaint with the Louisiana Division of Administration. *See* La. R.S. 40:1231.8(A)(2)(b); *see also Flagg v. Stryker Corp.*, 819 F.3d 132, 138 (5th Cir. 2016).

## IV. CONCLUSION

**IT IS ORDERED** that Defendant's Motion to Dismiss Pursuant to Fed. Rule Civ. Proc. 12(b)(1), 12(b)(6), and 12(b)(5) (R. Doc. 12) and Defendants' Rule 12(b)(1) and Rule 12(b)(6) Motion to Dismiss for Lack of Subject Matter Jurisdiction, Failure to State a Claim Upon Which Relief Can be Granted and Improper Citation and Service of Process (R. Doc. 14) are **GRANTED**. Plaintiff's federal claims under 42 U.S.C. § 1983, 42 U.S.C. § 1981, Title VI, Title VII, and the Fourteenth and Eighth Amendments are **DISMISSED WITH PREJUDICE**. Plaintiff's supplemental state law claims for medical malpractice, negligence, intentional infliction of emotional distress, vicarious liability, and punitive damages are **DISMISSED WITHOUT PREJUDICE**. Judgment shall be entered in favor of defendants, Dr. Archie C. Tatford, St. Tammany Parish Hospital Service District No. 2, d/b/a Slidell Memorial Hospital, Vincent Emergency Group, LLC, Ochsner Clinic Foundation (improperly named as Ochsner Health System), and the Schumacher Group of Louisiana, and against plaintiff, Glenn Damond.

New Orleans, Louisiana, this 10th day of September, 2026.

WILLIAM J. CRAIN
UNITED STATES DISTRICT JUDGE